IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:11-CV-366-FL

| | |
|---|---|
| GINA WALKER, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>) **MEMORANDUM &**<br>) **RECOMMENDATION**<br>MICHAEL J. ASTRUE, )<br>Commissioner of Social )<br>Security, )<br>)<br>Defendant. )<br>_____ ) | |

This matter is before the Court upon the parties' Motions for Judgment on the Pleadings. (DE's-24 & 26). The time for filing any responses or replies has expired, and, therefore, these motions are now ripe for adjudication. Pursuant to 28 U.S.C. § 636(b)(1), these motions have been referred to the undersigned for the entry of a Memorandum and Recommendation. For the following reasons, it is RECOMMENDED that Plaintiff's Motion for Judgment on the Pleadings (DE-24) be DENIED, that Defendant's Motion for Judgment on the Pleadings (DE-26) be GRANTED, and that the final decision by Defendant be AFFIRMED.

**Statement of the Case**

Plaintiff applied for disability insurance benefits on February 23, 2009, alleging that she became unable to work on October 23, 2008. (Tr. 11). This application was denied initially and upon reconsideration. *Id.* A hearing was held before an Administrative Law Judge ("ALJ"), who determined that Plaintiff was not disabled during the relevant time period in a decision dated

1

August 6, 2010. *Id.* at 11-22. The Social Security Administration's Office of Hearings and Appeals denied Plaintiff's request for review on June 21, 2011, rendering the ALJ's determination as Defendant's final decision. *Id.* at 1-5. Plaintiff filed the instant action on July 11, 2011. (DE-1).

**Standard of Review**

This Court is authorized to review Defendant's denial of benefits under 42 U.S.C. § 405(g), which provides in pertinent part:

> The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing. The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive...
>
> 42 U.S.C. § 405(g).

"Under the Social Security Act, [the Court] must uphold the factual findings of the Secretary if they are supported by substantial evidence and were reached through application of the correct legal standard." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996). "Substantial evidence is . . . such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971). "It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir. 1966). "In reviewing for substantial evidence, . . . [the court should not] undertake to re-weigh conflicting evidence, make credibility determinations, or substitute . . . [its] judgment for that of the Secretary." Craig, 76 F.3d at 589. Thus, this Court's review is limited to determining whether Defendant's finding that Plaintiff was not disabled is "supported by substantial evidence and whether the correct law was applied." Hays v. Sullivan, 907 F.2d 1453,

2

1456 (4th Cir. 1990).

**Analysis**

The Social Security Administration has promulgated the following regulations which establish a sequential evaluation process that must be followed to determine whether a claimant is entitled to disability benefits:

> The five step analysis begins with the question of whether the claimant engaged in substantial gainful employment. 20 C.F.R. § 404.1520(b). If not, the analysis continues to determine whether, based upon the medical evidence, the claimant has a severe impairment. 20 C.F.R. § 404.1520(c). If the claimed impairment is sufficiently severe, the third step considers whether the claimant has an impairment that equals or exceeds in severity one or more of the impairments listed in Appendix I of the regulations. 20 C.F.R. § 404.1520(d); 20 C.F.R. Part 404, subpart P, App.I. If so the claimant is disabled. If not, the next inquiry considers if the impairment prevents the claimant from returning to past work. 20 C.F.R. § 404.1520(e); 20 C.F.R. § 404.1545(a). If the answer is in the affirmative, the final consideration looks to whether the impairment precludes the claimant from performing other work. 20 C.F.R. § 404.1520(f).

Mastro v. Apfel, 270 F.3d 171, 177 (4th Cir. 2001).

In the instant action, the ALJ employed the sequential evaluation. First, the ALJ determined that Plaintiff had not engaged in substantial gainful activity since October 23, 2008. (Tr. 13). At step two, the ALJ found that Plaintiff had the following severe impairments: 1) degenerative disc disease of the lumbar and cervical spine; 2) carpal tunnel syndrome with release surgery and status post trigger finger release; 3) right elbow/ulnar nerve repair; 4) headaches; 5) mitral valve prolapse; 6) fibromyalgia; and 7) anxiety. *Id.* However, the ALJ determined that these impairments were not severe enough to meet or medically equal one of the impairments listed in 20 CFR Part 404, Subpart P, Appendix 1. *Id.* at 14. Next, the ALJ determined that Plaintiff had the residual functional capacity ("RFC") to perform a limited range of light work.

*Id*. at 15-16. Specifically, the ALJ found that:

> the claimant can lift and carry up to 20 pounds occasionally and pounds frequently and stand, walk, and sit for 6 hours each in an 8-hour workday. However, the claimant would need a sit/stand option every 30 minutes, and should avoid climbing ropes, ladders, or scaffolds. The claimant is limited to occasional stooping, frequent handling or fingering with her right upper extremity, and the range of motion of her neck is limited. The claimant is also limited to unskilled work.
>
> *Id*. at 15-16.

The ALJ then determined that Plaintiff was unable to perform her past relevant work. *Id.* at 20. However, based on the testimony of a vocational expert, the ALJ found that there are jobs that exist in significant numbers in the national economy that Plaintiff could perform. *Id.* at 21. Accordingly, the ALJ determined that Plaintiff was not under a disability at any time from October 23, 2008 through August 6, 2010. *Id*. at 21-22.

The ALJ's findings were accompanied by a thorough review and assessment of the entire record. This "assessment . . . provides a backdrop for the ALJ's evaluation[s] . . . and provides insight into [them]." Worden v. Astrue, 2012 WL 2919923, *5 (E.D.N.C. May 29, 2012), *Report and Recommendation Adopted by*, Worden v. Astrue, 2012 WL 2920289. Moreover, the undersigned has reviewed the entire record and finds that the ALJ's determinations were supported by substantial evidence.

Plaintiff's assignments of error rely on the contention that the ALJ incorrectly weighed the evidence. Although Plaintiff may disagree with the determinations made by the ALJ after weighing the relevant factors, the role of this Court is not to undertake to re-weigh conflicting evidence, make credibility determinations, or substitute its judgment for that of the Secretary. Craig, 76 F.3d at 589. Because that is what Plaintiff requests this Court do, her claims are

without merit. Nonetheless, the undersigned shall now address Plaintiff's assignments of error in turn.

**The ALJ's RFC determination was supported by substantial evidence**

Plaintiff argues that the ALJ erred when he determined that Plaintiff was able to perform a limited range of light work. (DE-25, pg. 5). Specifically, Plaintiff notes that she "suffers from debilitating pain related to cervical fusion surgery and degenerative disease in the lumbar spine [and a]s a result she has significant limitations which exclude work at any exertional level." *Id*. at 6. In addition, Plaintiff argues that the ALJ failed to consider Plaintiff's migraine and neck pain. *Id*. at 7. As noted above, these arguments ask the undersigned to re-weigh evidence clearly considered by the ALJ. (Tr. 16-20). Indeed, the ALJ's RFC determination incorporates some of the alleged limitations. *Id*. at 15-16. Regardless, Plaintiff's arguments are without merit because the ALJ's RFC determinations were supported by substantial evidence. That evidence shall now be summarized, with a focus on the impairments the ALJ allegedly "failed" to consider.

Plaintiff underwent an anterior cervical discectomy and fusion at C6-7 on October 23, 2008. *Id*. at 398-403. On November 17, 2008, Plaintiff was "doing well" and had "healed up nicely." *Id*. at 500. The "aches, pains, numbness and tingling in her arms" had improved. *Id*. Again on January 8, 2009, it was noted that she was "doing fairly well." *Id*. at 497. Plaintiff's x-rays "look[ed] good." *Id*. Dr. Timothy Garner stated on February 5, 2009 that Plaintiff was "doing well" and had returned to work. *Id*. at 496. However, on March 4, 2009, Dr. Garner stated that Plaintiff had not actually returned to work, and that Plaintiff was "disabled from being an orthodontic assistant at this point." *Id*. at 565.

The medical record indicates that "Inderal has tremendously helped [Plaintiff] with her chronic migraines." *Id.* at 540.

5

During several examinations, Plaintiff had no loss of motor or sensory function. *Id*. at 528, 531, 534, 537, 621, 624, 627, 630. She also frequently denied any history of "dropping things or not being able to grasp objects." *Id*. It was frequently noted that Plaintiff had no focal neurologic deficits. *Id*. at 417, 476, 493, 495, 527, 530, 533, 536, 539, 542, 626, 629, 632. Likewise, during several other examinations, Plaintiff had: 1) full motor strength in the lower extremities; 2) a normal, non-antalgic gait; and 3) a full range of motion in the lumbar region. *Id*. at 717, 719, 720, 752. Finally, other examinations indicated that Plaintiff had full strength in her upper extremities. *Id*. at 721, 723.

On February 5, 2009, Plaintiff listed sewing and knitting as hobbies. *Id*. at 585.

Plaintiff's RFC was assessed by Dr. Camille Warren on May 15, 2009. *Id*. at 608-614. It was determined that Plaintiff could: 1) occasionally lift 20 pounds; 2) frequently lift 10 pounds; and 3) stand, walk, sit about six hours in an eight hour workday. *Id*. at 608. Plaintiff was assessed several postural limitations, such as limiting her climbing, balancing, kneeling and crouching. *Id*. at 609. It was also noted that Plaintiff was limited in her gross and fine manipulation (handling and fingering). *Id*. at 610. No visual, communicative, or environmental limitations were noted. *Id*. at 610-611. Dr. Melvin Clayton made similar findings on July 7, 2009. *Id*. at 651-658.

A March 25, 2010 MRI of Plaintiff's lumbar spine revealed only minimal disc bulging without significant spinal stenosis. *Id*. at 701.

Based on this record, the undersigned finds that the ALJ's RFC determination was supported by substantial evidence, and therefore this assignment of error is without merit.

**The ALJ properly assessed Plaintiff's credibility**

In his decision, the ALJ found that the Plaintiff's statements concerning the intensity, persistence and limiting effects of her symptoms were not fully credible. *Id*. at 19. Plaintiff

6

argues that the ALJ erred in his credibility determination. (DE-25, pg. 7). "Because he had the opportunity to observe the demeanor and to determine the credibility of the claimant, the ALJ's observations concerning these questions are to be given great weight." Shively v. Heckler, 739 F.2d 987, 989 (4th Cir. 1984). Furthermore, the regulations provide a two-step process for evaluating a claimant's subjective complaints of pain or other symptoms. 20 C.F.R. § 404.1529; Craig , 76 F.3d at 593-96. First, the ALJ must determine whether there is objective medical evidence showing the existence of a medical impairment that could be reasonably expected to produce the pain or alleged symptoms. 20 C.F.R. § 404.1529(b); Craig, 76 F.3d at 594. Second, the ALJ evaluates the intensity and persistence of the symptoms to determine how they limit the capacity for work. 20 C.F.R. 404.1529(c); Craig, 76 F.3d at 595. The ALJ evaluates the intensity and persistence of the symptoms and the extent to which they limit a claimant's capacity for work in light of all the available evidence, including the objective medical evidence. 20 C.F.R. 404.1529(c). At the second step, however, claims of disabling symptoms may not be rejected solely because the available objective evidence does not substantiate the claimant's statements as to the severity and persistence of the symptoms. *See* Craig, 76 F.3d at 595. Since symptoms can sometimes suggest a greater severity of impairment than can be shown by objective medical evidence alone, all other information about symptoms, including statements of the claimant, must be carefully considered in the second part of the evaluation. 20 C.F.R. 404.1529(c)(2). The extent to which a claimant's statements about symptoms can be relied upon as probative evidence in determining whether the claimant is disabled depends on the credibility of the statements. SSR 96-7p, 1996 WL 374186, *4. Ultimately, the ALJ's findings with regard to a claimant's credibility must "contain specific reasons . . . supported by evidence in the case record." *Id.* at *2.

7

Case 5:11-cv-00366-FL   Document 28   Filed 02/08/13   Page 7 of 8

Here, the ALJ followed these standards in assessing Plaintiff's credibility. The ALJ's findings of fact demonstrate that the ALJ gave proper weight to all of Plaintiff's limitations and impairments. Likewise, the ALJ's citations to Plaintiff's medical records constitute substantial evidence. In addition, the ALJ also noted that Plaintiff's testimony specifically contradicted the medical record. For example, Plaintiff testified to dropping objects and having difficulty grasping. (Tr. 37-38). However, the medical record indicates that Plaintiff consistently denied any such problems. *Id*. at 528, 531, 534, 537, 621, 624, 627, 630. Likewise, Plaintiff listed Plaintiff listed sewing and knitting as hobbies. *Id*. at 585. For these reasons, this assignment of error is without merit.

## **Conclusion**

For the aforementioned reasons, it is RECOMMENDED that Plaintiff's Motion for Judgment on the Pleadings (DE-24) be DENIED, that Defendant's Motion for Judgment on the Pleadings (DE-26) be GRANTED, and that the final decision by Defendant be AFFIRMED.

SO RECOMMENDED in Chambers at Raleigh, North Carolina on Friday, February 08, 2013.

_____
WILLIAM A. WEBB
UNITED STATES MAGISTRATE JUDGE