IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:11-CV-366-FL

| | |
|---|---|
| GINA GARNER WALKER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | ORDER |
| CAROLYN W. COLVIN, ) | |
| Acting Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |
| ) | |

This matter comes before the court on the parties' cross motions for judgment on the pleadings (DE ## 24, 26).[1] Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), United States Magistrate Judge William A. Webb entered a memorandum and recommendation ("M&R") (DE # 28) which recommends that the court deny plaintiff's motion, grant defendant's motion, and uphold the final decision of the Commissioner of Social Security ("Commissioner"). Plaintiff timely filed objections to the M&R. In this posture, the issues raised are ripe for ruling. For the reasons that follow, the court adopts the recommendation of the magistrate judge.

---

[1] Pursuant to Fed. R. Civ. P. 25(d), Carolyn W. Colvin, Acting Commissioner of Social Security, has been named as defendant in this case in place of former Commissioner Michael J. Astrue.

## BACKGROUND

On February 23, 2009, plaintiff filed an application for disability insurance benefits, alleging a disability onset date of October 23, 2008. A hearing was held before an Administrative Law Judge ("ALJ"), who determined that plaintiff was not disabled in a decision dated August 6, 2010. The Social Security Administration's Office of Hearings and Appeals denied plaintiff's request for review on June 21, 2011. Plaintiff filed her complaint in this court on July 11, 2011, seeking review of the final administrative decision.

## DISCUSSION

I.  Standard of Review

The court has jurisdiction under 42 U.S.C. § 405(g) to review the Commissioner's final decision denying benefits. The court must uphold the factual findings of the ALJ "if they are supported by substantial evidence and were reached through application of the correct legal standard." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996). "Substantial evidence is . . . such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quotations omitted). The standard is met by "more than a mere scintilla of evidence but . . . less than a preponderance." Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir. 1966).

To assist it in its review of the Commissioner's denial of benefits, the court may "designate a magistrate judge to conduct hearings . . . and to submit . . . proposed findings of fact and recommendations for the disposition [of the motions for judgment on the pleadings]." See 28 U.S.C. § 636(b)(1). The parties may object to the magistrate judge's findings and recommendations, and the court "shall make a de novo determination of those portions of the report or specified proposed

2

findings or recommendations to which objection is made." Id. § 636(b)(1)(C). Absent a specific and timely filed objection, the court reviews only for "clear error," and need not give any explanation for adopting the M&R. Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th Cir.1983). Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

The ALJ's determination of eligibility for Social Security benefits involves a five-step sequential evaluation process, which asks whether:

> (1) the claimant is engaged in substantial gainful activity; (2) the claimant has a medical impairment (or combination of impairments) that are severe; (3) the claimant's medical impairment meets or exceeds the severity of one of the impairments listed in [the regulations]; (4) the claimant can perform her past relevant work; and (5) the claimant can perform other specified types of work.

Johnson v. Barnhart, 434 F.3d 650, 654 n.1 (4th Cir. 2005) (citing 20 C.F.R. § 404.1520). The burden of proof is on the claimant during the first four steps of the inquiry but shifts to the Commissioner at the fifth step. Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995).

In the instant matter, the ALJ performed the sequential evaluation. At step one, the ALJ found that plaintiff had not engaged in substantial gainful activity since October 23, 2008. The ALJ then found at step two that plaintiff had the following severe impairments: degenerative disc disease of the lumbar and cervical spine, carpal tunnel syndrome with release surgery and status post trigger finger release, right elbow/ulnar nerve repair, headaches, mitral valve prolapse, fibromyalgia, and anxiety. However, at step three the ALJ further determined that these impairments were not sufficiently severe to meet or medically equal one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1.

3

Prior to proceeding to step four, the ALJ assessed plaintiff's residual functional capacity ("RFC") and found that plaintiff had the ability to perform a limited range of light work. In making this assessment, the ALJ found plaintiff's statements about plaintiff's limitations not fully credible. The ALJ further found that plaintiff was unable to perform her past relevant work. However, at step five, based on testimony of a vocational expert, the ALJ concluded that jobs exist in significant numbers in the national economy that plaintiff could perform. The ALJ therefore concluded that plaintiff had not been under a disability, as defined in the Social Security Act, at any time from October 23, 2008 through August 6, 2010.

II. Analysis

Plaintiff objects to the magistrate judge's conclusion that the ALJ did not err in finding plaintiff retains the residual functional capacity to perform light work. (Obj. 3-5). Specifically, plaintiff argues that the ALJ erred in failing to accept plaintiff's testimony concerning the extent of her limitations due to pain, and in failing to accept that objective medical evidence supports her testimony. (Obj. 4, 5).

"[T]he determination of whether a person is disabled by pain or other symptoms is a two-step process." Craig v. Chater, 76 F.3d 585, 594 (4th Cir. 1996). First, the ALJ must determine whether the plaintiff has a medical impairment "which could reasonably expected to produce the pain or other symptoms alleged." Id. (quoting 20 C.F.R. §§ 416.929(b) & 404.1529(b)). If this threshold question is satisfied, then the ALJ evaluates the actual intensity and persistence of the plaintiff's pain or other symptoms, and the extent to which it affects her ability to work. Id. at 595. At this second step, the ALJ considers "not only the claimant's statements about her pain, but also 'all the available evidence,' including the claimant's medical history, medical signs, and laboratory findings, any

4

objective medical evidence of pain (such as evidence of reduced joint motion, muscle spasms, deteriorating tissues, redness, etc.); and any other evidence relevant to the severity of the impairment, such as evidence of the claimant's daily activities, specific descriptions of the pain, and any medical treatment taken to alleviate it." Id. (citing 20 C.F.R. §§ 416.929(c)(2) & 404.1529(c)(2)).

The ALJ may not discredit a plaintiff solely because her subjective complaints of pain and other symptoms are not substantiated by objective medical evidence. See id. Nevertheless, "objective medical evidence and other objective evidence" are crucial to evaluating the intensity and persistence of a claimant's pain and the extent to which it impairs her ability to work. Id. A plaintiff's allegations of pain and other symptoms "need not be accepted to the extent they are inconsistent with the available evidence," based on a consideration of the entire case record. Id.; see S.S.R. 96-7p, 1996 SSR LEXIS 4 *6.

In this case, the ALJ considered plaintiff's subjective complaints associated with her impairments and found that plaintiff had medically determinable impairments which reasonably could be expected to cause some of the alleged symptoms. (Tr. 16-19). Nevertheless, the ALJ determined that the plaintiff's "statements concerning the intensity, persistence and limiting effects of these symptoms are not fully credible to the extent they are inconsistent" with the ALJ's residual functional capacity assessment. (Tr. 19). The ALJ properly relied upon substantial evidence in the record to find that the extent of alleged limitations was not as severe as alleged. (Tr. 16-20). The court incorporates herein the cogent analysis of the M&R summarizing this substantial evidence in the record, including evidence that plaintiff alleges the ALJ failed to consider. (M&R 5-6, 8). Where the ALJ's determination of credibility is supported by such substantial evidence in the record, and where the ALJ had the opportunity to observe the demeanor of plaintiff in her testimony, it is not the

province of the court to reweigh the evidence bearing upon credibility. See Mickles v. Shalala, 29 F.3d 918, 929 (4th Cir. 1994) (Luttig, J., concurring); Shively v. Heckler, 739 F.2d 987, 990 (4th Cir. 1984). Accordingly, the ALJ's decision must be upheld.

## CONCLUSION

Upon de novo review of those portions of the magistrate judge's M&R to which specific objections have been filed, and upon considered reviewed of those portions of the M&R to which no such objection has been made, the court ADOPTS the findings and recommendations of the magistrate judge in full, GRANTS defendant's motion for judgment on the pleadings (DE # 26), DENIES plaintiff's motion for judgment on the pleadings (DE # 24), and upholds the final decision of the Commissioner. The clerk is directed to close this case.

SO ORDERED this the 27th day of March, 2013.

LOUISE W. FLANAGAN
United States District Judge